IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Criminal No. 6:99-266-MBS |
| vs. | ) | Civil Action No. 6:05-338 |
| | ) | |
| Michael Scott Cash | ) | **ORDER** |
| | ) | |

Defendant Michael Scott Cash ("Cash") is an inmate in the custody of the Federal Bureau of Prisons currently incarcerated in Des Moines, Iowa.[1] Cash, appearing *pro se*, has filed a motion to return property, seeking the return of $6,700 in United States currency seized by the Drug Enforcement Administration ("DEA") in April 1999. On August 11, 2009, the matter was referred to United States Magistrate Judge William M. Catoe for findings and a recommendation. On September 11, 2009, the Magistrate Judge issued a Report of Magistrate Judge recommending that Cash's motion to return property be denied. On September 25, 2009, Cash filed objections to the Report.

**BACKGROUND**

On April 9, 1999, DEA agents executed a federal warrant to search Cash's residence located at 214 Robin Hood Road in Greenville, South Carolina.[2] The agents found approximately 220 grams

---

[1] Cash pleaded guilty on September 21, 1999, to conspiracy with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. On October 18, 2001, the court sentenced Cash to a term of incarceration of 151 months. Judgment was entered on October 25, 2001.

[2] The search occurred after Greenville-Spartanburg Airport Police received information from a California Highway Patrol officer that an Airborne Express package containing cocaine or methamphetamine had been sent to Cash's residence in Greenville on April 8, 1999. On April 9, the DEA agents intercepted the package, confirmed the presence of methamphetamines through canine alert tests, and completed a controlled delivery of the package to Cash's residence, whereupon the search warrant was executed.

of methamphetamine, a small quantity of marijuana, and other drug paraphernalia in the home. A search of the master bedroom closet also yielded $6,700 in U.S. currency, which the agents seized along with other items. During the search, the agents arrested Cash and Pamela Hopkins at the residence. Cash was released on bond on April 13, 1999.

The government instituted administrative forfeiture proceedings against the $6,700 pursuant to 21 U.S.C. § 881 in May 1999. On October 18, 2001, Cash was sentenced to imprisonment for 151 months to be followed by five years of supervised release. On April 18, 2005, Cash filed a motion for return of property.[3] On September 8, 2006, Cash filed a motion for summary judgment, seeking the grant of his motion for return of property. On October 5, 2006, the government responded to Cash's motion to return property. On January 30, 2007, the government expanded the record to include documentation related to its response to Cash's motion to return property. On August 24, 2007, the court issued an order holding the administrative forfeiture action void because the government's attempt to notify Cash of the impending forfeiture did not comport with the requirements of due process. The court noted, however that its order did not effect an automatic return of the currency to Cash. In response to the court's order, on September 21, 2007, Cash filed the within motion for return of property.

## DISCUSSION

In cases where the government is "foreclosed from perfecting its title to drug-related currency via forfeiture proceedings, or fails to pursue forfeiture . . ., the government may retain the property

---

[3] On April 18, 2005, Cash also filed a motion to return property in his 28 U.S.C. § 2255 habeas corpus case. Civil Action No. 6:05-cv-00338-MBS, Entry 10. On March 27, 2006, the court denied this motion as moot because it was identical to the motion filed in Cash's criminal case. Civil Action No. 6:05-cv-00338-MBS, Entry 27 at 13.

2

until the claimant files an equitable action or motion and demonstrates that he is lawfully entitled to the return of the property." *Babb v. U.S. Drug Enforcement Agency*, 146 F. App'x 614, 620 (4th Cir. 2005). The government may then respond to such an action or motion and establish its ownership of the property by demonstrating that the property at issue is § 881(a) property. *Id.* "Only an innocent owner can claim ownership rights when such property was lawfully seized. *Id.*

The Magistrate Judge concluded that 1) Cash did not meet his burden of establishing that the $6,700 in currency was obtained through legitimate means and 2) the government has demonstrated that the $6,700 is 21 U.S.C. § 881(a) property. Accordingly, the Magistrate Judge recommended that Cash's motion to return property be denied. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

I. <u>Whether Cash Has Demonstrated that He is Lawfully Entitled to the Return of the Property</u>

Cash objects to the Magistrate Judge's conclusion that he has not met his burden of establishing that the $6,700 in currency was obtained through legitimate means. Cash contends that the $6,700 was legitimately earned when he was working full time selling automobiles. Cash states that the $6,700 was found in a desk drawer with various bills and tax returns, and not in close proximity to drugs, which he argues "should convince a reasonable person" that the money belonged to him. Entry 105 at 1. Cash further contends that he has attempted to obtain tax information to prove his case, but that this information is not readily available to him. Cash argues that the

3

government can obtain this information without trouble and should be required to produce it. Cash also argues that he is an innocent owner because the court previously declared that the $6,700 was unlawfully seized.

"[A] party who claims that the government must return seized property still must [make a threshold showing of] lawful entitlement to the property and an equitable right to its return." *Babb v. U.S. Drug Enforcement Agency*, 146 F. App'x 614, 619 (4th Cir. 2005). Generally, this showing is "minimal" because "the person from whom the property was seized is presumed to have a right to its return." *Id.* (citing *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)).

At the outset, the court finds that Cash's assertion that the court declared the $6,700 was unlawfully seized is without merit. This was not the court's ruling. The court merely invalidated the forfeiture action that purported to perfect the government's ownership of the $6,700 for failure to properly notify Cash of the forfeiture action.

Cash has the burden of showing lawful entitlement to the property and an equitable right to its return. The court finds that Cash has not made the requisite showing of lawful entitlement to the $6,700 because Cash has presented no reliable evidence of where he earned this money. Unsworn arguments made in motions are not evidence. Cash's burden does not shift to the government merely because it would be more convenient for Cash for the government to obtain this information.

Cash has submitted some calculations on this issue to support his argument. These calculations, however, 1) do not have supporting documentation to demonstrate their accuracy; 2) are inconsistent with the findings contained in the presentence report with regard to Cash's income, which indicate that Cash worked for only two car dealerships as opposed to three and that Cash was unable to pay a fine because he did not have significant assets and had only $367.00 per month in

disposable income; and 3) contain arithmetical inconsistencies.

II.     Whether the Government Has Demonstrated that the Property is § 881(a) Property

Cash objects to the Magistrate Judge's finding that the government has demonstrated that the $6,700 is drug proceeds contending that the government cannot have done so because it never presented any evidence in this regard. Cash also contends that he never stated that $10,000 in currency that was hidden in a light fixture in his bathroom was drug proceeds.

Even if Cash were able to make the threshold showing of lawful entitlement to the $6,700, the government may overcome this showing of lawful entitlement if it "demonstrate[s] that it has a legitimate reason to retain the property." *Babb*, 146 F. App'x at 619. "The government meets this burden if, at a hearing on the Rule 41(e) or civil equitable motion, [it] establishes that the property is § 881(a) property-i.e., proceeds traceable to illegal drug transactions." *Id.* (internal citations omitted). If the government makes this showing, "the claimant cannot [maintain] a right to lawful possession and an equitable right to its return unless the claimant is an innocent owner." *Id.*

The court concurs with the Magistrate Judge that the government has established that the $6,700 is drug proceeds. At Cash's sentencing, the $6,700 was converted into a drug weight for the purposes of establishing Cash's base offense level. This was done over Cash's objection that that paragraph of the presentence report was not supported by substantial evidence. Therefore, the court has previously made a finding that the $6,700 was drug proceeds. The Fourth Circuit recognized this finding of the court in *United States v. Cash*, 63 F. App'x 661, 2003 WL 1984294, at *1 (4th Cir. 2003) when it stated that the $6,700 was drug proceeds. Because Cash was the seller of the drugs that resulted in the $6,700 in proceeds, Cash is not an innocent owner. In addition, despite Cash's objection that he never stated that the $10,000 in the light fixture was drug proceeds, the

court found the case agent's testimony to the contrary to be credible.

## **CONCLUSION**

Based upon the foregoing, the court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, Plaintiff's motion for the return of property (Criminal No. 6:99-266, Entry 91) is **denied**. Plaintiff's motion for summary judgment (Civil No. 6:05-338, Entry 38) is also **denied.**

**IT IS SO ORDERED.**

                                                    s/ Margaret B. Seymour
                                                    The Honorable Margaret B. Seymour
                                                    United States District Judge

June 28, 2010
Columbia, South Carolina